UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COREY SEBASTIAN, #271199**

    **Plaintiff,**

                                        Civil No: 07-CV-15287
                                        Honorable Nancy G. Edmunds
                                        Magistrate Paul J. Komives

v.

**JENNIFER GRANHOLM, et. al.**

    **Defendant.**

_____

### OPINION & ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF & VACATING ORDER REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE

**I. Introduction**

This is a complaint for declaratory relief filed by Corey Sebastian, a state inmate currently incarcerated at Parnall Correctional Facility in Jackson, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. §1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because he fails to state a claim upon which relief may be granted.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

## II. Discussion

Plaintiff alleges that Defendants, Governor Jennifer Granholm and Attorney General Michael Cox violated several of his constitutional rights by enforcing laws that violate the right to legal searches and seizures, his right to face his accuser, his right to be free from cruel and unusual punishment, and his right to due process and equal protection under the law. It is Plaintiff's position that Defendants Granholm and Cox are responsible for passing legislation which violates the Michigan Constitution and in turn violates his constitutional rights. As a result, Plaintiff claims that illegal procedures have been used to keep him incarcerated for committing false crimes. Plaintiff is seeking the possession or deletion of any records, documents, and computer and paper files regarding his alleged illegal incarceration and a declaration that his conviction and imprisonment are illegal.

Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Declaratory Judgment Act is "not an independent source of federal jurisdiction." *Louisville and Nashville R.. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983). It "only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Plaintiff fails to identify any other law under which he seeks relief. Therefore, he fails to state a claim upon which relief may be granted under the Declaratory Judgment Act.

In addition, to the extent that Plaintiff seeks relief under 42 U.S.C. § 1983, he also fails to state a claim upon which relief may be granted. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement, not the fact of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held claims challenging the constitutionality of a prisoner's

confinement to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

Plaintiff has not shown that his conviction or his sentence have been overturned or declared invalid. Accordingly, Plaintiff's claim that he is being unconstitutionally and illegally incarcerated fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Finally, given that Plaintiff's error in filing a complaint for declaratory relief appears to have been a mistake or not the result of Plaintiff engaging in frivolous or vexatious litigation, the Court concludes that the Order requiring Petitioner to pay the entire $350.00 filing fee should be vacated.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the petition for "Declaratory Judgment" [Doc. #1-1, filed December 12, 2007] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the February 22, 2008 "Order Waiving Prepayment of the Filing Fee and Directing Payment of the Initial Partial Filing Fee and Subsequent Payments"is **VACATED.**

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated:  April 15, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2008, by electronic and/or ordinary mail.

                                      s/Carol A. Hemeyer
                                      Case Manager